IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAURICE MONTGOMERY, an individual,

    Plaintiff,     1:12-cv-131-CL

  v.     **ORDER**

COVENTRY HEALTH CARE, INC. et al,

    Defendants.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation (#5), and the matter is now before me. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). *Pro se* plaintiff filed objections. Accordingly, I have reviewed the file of this case *de novo*. See 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir.

1 - ORDER

1981). I conclude the R & R is correct.

Plaintiff alleges a Medicare Part D sponsor's pharmacy refused to fill his prescription. Plaintiff's cause of action necessarily "arises under" the Medicare Act. Therefore, plaintiff's claims are subject to the Act's mandatory exhaustion requirements. See Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1140-41 (9th Cir. 2010).

Enrollees challenging adverse coverage determinations must proceed according to the process outlined in 42 U.S.C. §§ 423.566 - 423.604. Enrollees with complaints other than one involving a coverage determination must proceed according to the grievance procedures of § 423.564. Plaintiff does not dispute that he failed to appeal his claims or file a grievance. Therefore, this Court lacks jurisdiction over plaintiff's claims. Id.

## CONCLUSION

I adopt Magistrate Judge Clarke's Report and Recommendation (#5). This action is dismissed, with prejudice.

IT IS SO ORDERED.

DATED this __16__ day of April, 2012.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

2 - ORDER